IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARK KNOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-246-ECM |
| | ) | |
| MEDTRONIC, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

*Pro se* Plaintiff Mark Knox ("Plaintiff") brought this civil action against Defendant Medtronic, Inc. ("Defendant"), arising out of alleged problems with an insulin pump manufactured by the Defendant. In the operative complaint (doc. 14), construing it liberally, the Plaintiff asserts state law claims for fraudulent concealment, wantonness, negligence, and assault; as well as a claim for "deprivation of constitutional rights," which the Court construes as a claim brought pursuant to 42 U.S.C. § 1983.[1] On June 2, 2025,

---

[1] In both the original complaint (doc. 1) and the operative complaint (doc. 14), the Plaintiff invokes this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. For diversity purposes, "[c]itizenship, not residence, is the key fact that must be alleged." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). The Plaintiff's pleadings fail to allege facts sufficient to support diversity jurisdiction because he alleged only that he is a *resident* of Alabama. (Doc. 1 at 2; doc. 14 at 1). In his conflict disclosure statement, however, the Plaintiff represented to the Court that he is a citizen of Alabama. (Doc. 9 at 2). "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. Upon review of the entire record, the Court is satisfied that the Plaintiff was a citizen of Alabama when he filed this action and when he filed the operative complaint; thus, the Court will treat the operative complaint as amended to allege that the Plaintiff is a citizen of Alabama. Therefore, the Court has diversity jurisdiction pursuant to § 1332 because the parties are completely diverse, and the amount in controversy exceeds $75,000.

Alternatively, the Court finds that it has federal question jurisdiction pursuant to § 1331 because the Plaintiff brings a § 1983 claim for deprivation of his constitutional rights. Moreover, the Court has supplemental jurisdiction over the state law claims pursuant to § 1367(a).

the Magistrate Judge entered a Recommendation that this case be dismissed before service of process pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the operative complaint fails to state a claim upon which relief can be granted and because the Plaintiff failed to comply with a Court Order. (Doc. 18).  The Plaintiff timely filed objections to the Recommendation.[2]  After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections, the Court concludes that the Plaintiff's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and this case is due to be dismissed.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980).  The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).  *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990).  However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a

---

[2] Objections were originally due by June 16, 2025. (Doc. 18 at 9).  The Magistrate Judge granted the Plaintiff's motion for extension of time to file objections and ordered him to file objections by June 30, 2025. (Doc. 20).  The Plaintiff filed his objections on June 23, 2025, and thus they were timely.

magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[3]

The Plaintiff first objects to the Recommendation's conclusion that the operative complaint fails to state a claim upon which relief can be granted. He relatedly objects to the Magistrate Judge's purported failure to "give adequate weight to the leniency due to a pro se pleading," and to the Recommendation's "overlook[ing] or mischaracteriz[ing] several key factual allegations." (Doc. 21 at 2–3). Upon *de novo* review, the Court concludes that the operative complaint fails to state a claim upon which relief can be granted because it does not allege facts sufficient to support plausible claims against *the Defendant* for the alleged conduct of the Defendant's employee, Karen O'Neal. Additionally, the fraud claim does not satisfy the heightened pleading standard embodied in Rule 9. The Court has considered the fact that the Plaintiff is *pro se*, and it does not change the Court's conclusion that the operative complaint fails to state a claim upon which relief can be granted. Consequently, these objections are due to be overruled.

The Plaintiff also objects to the Recommendation's conclusion that the statute of limitations bars his claims. Upon *de novo* review, the Court concludes that the claims are time-barred and that the operative complaint contains insufficient facts to support fraudulent concealment tolling under Alabama law. Moreover, even if the claims were not time-barred, they are still due to be dismissed for failure to state a claim, as discussed

---

[3] While the Court recognizes that *Macort* is nonprecedential, the Court finds it persuasive.

above. Thus, this objection is also due to be overruled.

Accordingly, upon an independent review of the record, and for good cause, it is ORDERED as follows:

1. The Plaintiff's objections (doc. 21) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 18) is ADOPTED as modified, and this case is DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief can be granted;

3. All pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

DONE this 5th day of February, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE